3206/04-5178.MEN:mew



**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS AUG 0 8 2008
EASTERN DIVISION            Aug 8, 2008
Magistrate Judge Sidney I. Schenkier
United States District Court

| | |
|---|---|
| JOSE ANTONIO AGUIRRE and MARIA L. AGUIRRE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05 C 0515 |
| TURNER CONSTRUCTION COMPANY, a corporation, BARTON-MALOW COMPANY, a foreign corporation, KENNY CONSTRUCTION, a corporation, TBMK, a joint venture, | ) ) ) ) Magistrate Sidney I. Schenkier ) ) ) |
| Defendants. | ) |

## MOTION FOR JUDGMENT AS A MATTER OF LAW AT THE CLOSE OF PLAINTIFF'S CASE

NOW COMES the Defendant, TURNER CONSTRUCTION COMPANY, a corporation, BARTON-MALOW COMPANY, a foreign corporation, KENNY CONSTRUCTION, a corporation, and TBMK, a joint venture (hereinafter "TBMK"), by and through one of their attorneys, Matthew S. Clark, of KNIGHT, HOPPE, KURNIK & KNIGHT, LTD., and, pursuant to Federal Rule of Civil Procedure 50(a), move for judgment as a matter of law in their favor for the reason that a reasonable jury would have no legally sufficient evidentiary basis to find for the Plaintiffs. In support of said motion, Defendant attaches its memorandum of law and states as follows:

1). Defendant, TBMK, is entitled to judgment as a matter of law as to Plaintiff's *res ipsa* theory as plaintiffs have failed to meet their burden of a prima facie case in that there is an absence of evidence that the incident would not have occurred without negligence. Further, plaintiffs failed to demonstrate that TBMK had "exclusive" control.

2). Further Defendant, TBMK, is entitled to judgment as a matter of law because of an absence of evidence as to proximate cause that any alleged negligence with respect to cross bracing or midrails was the proximate cause of plaintiff's injury in that it is speculative that the scaffold moved.

3). Defendant, TBMK, is entitled to judgment as a matter of law because there is no evidence of any breach of any duty on behalf of TBMK in that there was no evidence that TBMK's conduct was unreasonable.

4). The grounds for this motion are more specifically explained in the accompanying memorandum.

WHEREFORE, Defendants respectfully request that this Court enter its motion for judgment as a matter of law in its favor and against Plaintiffs.

Respectfully submitted,

Matthew S. Clark of Knight, Hoppe, Kurnik & Knight, Ltd.

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
Attorneys for the Defendants
2860 River Road, Suite 400
Des Plaines, IL 60018-6009
847/298-8000; FAX 847/298-8014
EMAIL: mclark@khkklaw.com

5178 MTN FOR DIRECTED VERDICT AT CLOSE OF PLAINTIFF 08-08-05