*MHN*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOSE ANTONIO AGUIRRE and MARIA L. AGUIRRE, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  05 C 0515 |
| vs. | ) | |
| | ) | Magistrate Judge Schenkier |
| TURNER CONSTRUCTION COMPANY, a | ) | |
| corporation, BARTON-MALOW COMPANY, a | ) | |
| foreign corporation, KENNY CONSTRUCTION, | ) | |
| a corporation, and TBMK, a joint venture, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This diversity lawsuit arises out of an injury suffered by Jose Aguirre when he fell from a scaffold in 2003 while working on the Soldier Field renovation project in Chicago.  As a result of that accident, Mr. Aguirre and his wife asserted claims of direct negligence and *res ipsa loquitur* against TBMK (a joint venture consisting of Turner Construction Company, Barton-Malow Company, and Kenny Construction ).  On August 11, 2008, a jury returned a verdict in favor of TBMK and against plaintiffs on all claims.  By separate Memorandum Opinion and Order issued today, this Court has denied plaintiffs' motion for a new trial.

In this Memorandum Opinion and Order, we consider TBMK's motion for a bill of costs (doc. # 167).  TBMK's bill of costs originally sought an award of $11,375.13.  After considering objections raised by plaintiffs (doc. # 168), in its reply TBMK reduced its requested costs to the total of $7,398.13 (doc. # 175: Defs.' Reply at 3).  For the reasons that follow, we award TBMK costs in the amount of $7,264.22.

## I.

Pursuant to Federal Rule of Civil Procedure 54(d), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the Court directs otherwise." Rule 54(d) creates a "strong presumption that the prevailing party will recover costs." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) (citations omitted). Consistent with that strong presumption, "the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption." *Popeil Brothers, Inc. v. Schick Elect., Inc.*, 516 F.2d 772, 775 (7th Cir. 1975) (citations omitted). Generally, only two reasons warrant the denial of costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Weeks*, 126 F.3d at 945.

Plaintiffs do not dispute that TBMK is the prevailing party (and hardly could do so in light of the jury verdict in favor of TBMK). Nor do plaintiffs assert that costs should be denied because of any misconduct by TBMK (none is alleged), or because plaintiffs are unable to pay costs. Accordingly, we conclude that costs should be awarded in this case, and thus turn to the question of whether the particular costs that TBMK seeks are recoverable.[1]

## II.

The Court may only award costs that "fall into one of the categories of costs statutorily authorized for reimbursement." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Under 28 U.S.C. § 1920, a federal court may tax as costs the following: (1) fees of the clerk and

---

[1]Plaintiffs state that TBMK should not be allowed to recover costs because the judgment order does not state that costs are awarded (Pls.' Objections at 1). We reject that plaintiffs' argument. The Court did not include an award of costs in the judgment order, because until plaintiffs responded to a bill of costs, the Court did not know whether plaintiffs would assert that costs should not be awarded under the narrow circumstances set forth in *Weeks*. Since plaintiffs have not asserted a basis under *Weeks* for denying costs, TBMK is entitled recover costs as the prevailing party.

marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for a exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of Court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under 28 U.S.C. § 1828. The award of costs to a prevailing party depends on whether the expenses sought are "reasonable in amount and necessity." *McCabe v. City of Chicago*, 593 F.3d Supp. 665, 669 (N.D. Ill. 1984). The prevailing party has the "burden of demonstrating the amount of its recoverable costs." *Tellular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 172237, at *1 (N.D. Ill. June 16, 2006).

Applying these standards, we address below each of the items of costs challenged by plaintiffs.

### A.

In the original bill of costs, TBMK sought $5,987.10 for fees of the court reporter. This amount comprises the costs of 28 separate deposition transcripts. Plaintiffs have challenged TBMK's request for costs in connection with two of those transcripts.

*First*, plaintiffs argue that the costs recoverable for the deposition of Mr. Roberts should be $99.60, and not $396.00, because TBMK obtained a copy and not an original of that transcript (Pls.' Objection at 1). TBMK concedes that point (Defs.' Reply at 2). Accordingly, we reduce the costs we will award for fees of the court reporter by $296.40 to reflect that adjustment.

*Second*, plaintiffs assert that TBMK should not recover $43.16 for the deposition transcript of Mr. Carvallo, because that deposition was unnecessary for the litigation (Pls.' Objection at 2). In reply, TBMK explains that Mr. Carvallo was a superintendent for TBMK on the day of the

3

accident, and that his deposition was noticed not by TBMK, but by plaintiffs (Defs.' Reply at 2). Plaintiffs objection failed to acknowledged that they had noticed the deposition, and failed to explain why they consider a deposition that they took to be unnecessary. Given the issues involved in the case at the time of the deposition (August 1, 2005), Mr. Carvallo's role with TBMK and his presence at the work site on the day of the accident, we conclude that the deposition of Mr. Carvallo was reasonably necessary for the deposition. The fact that neither the deposition nor Mr. Carvallo's testimony was used at trial does not require a contrary conclusion. *Dovenmuehle v. Gilldorn Mortgage Midwest Corp.*, 871 F.2d 697, 701-02 (7th Cir. 1989). Accordingly, the award of costs to TBMK will include the $43.16 in costs for a copy of the deposition transcript of Mr. Carvalo.

### B.

TBMK's petition seeks $4, 298.03 in fees for witnesses, which consists of witness fees and mileage for nine witnesses. In their objection, plaintiffs challenge an award of witness fees for each of these persons in whole or part.

Defendants originally sought $3,750.00 in witness fees for two physicians: Drs. Abu-Aita and Schwartz. Plaintiffs assert that the witness fees should be limited to $120.00 ($80.00 for two sessions with Dr. Abu-Aita and $40.00 for one session with Dr. Schwartz) (Pls.' Objection at 2). TBMK concedes that this is correct (Defs.' Reply at 2). Accordingly, we reduce the amount sought for witness fees by $3,630.00 to reflect this adjustment.

TBMK originally sought $150.08 for attendance fee and mileage for Mr. Zemar, and $113.83 in attendance fees for Mr. Cotton. Plaintiffs object, saying that the amount for Mr. Zemar should be $86.50 (a $40.00 witness fee and $46.50 for mileage), and $88.36 for Mr. Cotton (a $40.00 witness fee and $48.36 for mileage) (Pls.' Objection at 2). In reply, TBMK attaches cashed checks

4

for Messrs. Zemar and Cotton, presumably for mileage (Defs.' Reply at 3 and Ex. C). However, those checks show that each of those individuals received at most only $25.00 for mileage. Accordingly, the Court reduces the witness fee and mileage recoverable for Messrs. Zemar and Cotton to $65.00 each (for a total of $130.00). We therefore reduce the fees and mileage sought by TBMK for Messrs. Zemar and Cotton by $133.91 to reflect that adjustment.

In the bill of costs, TBMK sought witness fees and mileage in the amounts of $41.49 for Mr. Roberts, $57.13 for Mr. Barazza, $84.59 for Mr. Gomez and $50.31 for Mr. Rivas, for a total of $233.52. Plaintiffs object to any award of witness fees for these individuals, on the ground that plaintiffs' counsel subpoenaed each of them for deposition and trial (Pls.' Objections at 2-3). In reply, TBMK provides evidence that it, too, subpoenaed Messrs. Barazza, Gomez, and Rivas for trial, and Mr. Roberts for deposition. The jury received testimony from all of these individuals at trial (Mr. Rivas by stipulation, and the other three by in-court testimony). The fact that plaintiffs subpoenaed these witnesses did not make it unreasonable and unnecessary for TBMK to subpoena them as well, to assure their availability even if plaintiffs ultimately decided not to use them at trial. Accordingly, we award the full amount of witness fees and mileage – $233.52 – sought for these four witnesses.

Finally, TBMK originally sought $50.60 for the witness fee and travel expense of Mr. Omerovich. Plaintiffs objected to that request (Pls.' Objection at 3), and TBMK concedes that the objection is well taken (Defs.' Reply at 3). Accordingly, we reduce the total amount of witness fees and mileage we award to TBMK by $50.60 to reflect this adjustment.

5

## C.

TBMK seeks $570.00 for the costs of interpreter services in the case. In their objection, plaintiffs complain that TBMK failed to include an invoice for that item of costs (Pls.' Objections at 3). In its reply, TBMK has corrected that oversight and has included the bill for interpreter services justifying the request for $570.00 (Defs.' Reply at 3 and Ex. F). Accordingly, we reject this objection by plaintiffs, and award this item of cost in its entirety.

## D.

TBMK also seeks $520.00 to reflect fees of the clerk generated when the case was in state court, in connection with filing the answer and jury demand and filing the removal petition. Plaintiffs object to an award of that item of costs on the ground that those costs were incurred in state court, and thus do not constitute compensable costs in federal court (Pls.' Objections at 3). However, judges in this district have awarded to prevailing party costs for fees paid in state court. *Thomas v. Guardsmark, Inc.*, 02 C 8848, 2005 WL 2405823, at *1 (N.D. Ill. September 27, 2005); *McConnell v. Iovino Boersma Enterprises, Inc.*, 04 C 4628, 2005 WL 1520806, at *3 (N.D. Ill. June 23, 2005). We agree with this approach, which in this case will prevent an unfair result to TBMK.

If plaintiffs originally filed this case in federal court, as they could have done, TBMK would not have expended fees in obtaining removal, and TBMK's costs of filing fees in federal court would plainly be recoverable. While plaintiffs were well within their rights to file the case in state court, now that the case has been removed and TBMK has prevailed, plaintiffs' choice to file in state court should not place TBMK in a worse position with respect to recovery of costs than if plaintiffs had filed the case in federal court at the outset. We see no good reason that TBMK should be unable to recover filing fees that would have been recoverable had the case been originally filed in federal

6

court, or that TBMK would not have been required to expend had the case been filed originally in federal court. Accordingly, we award TBMK this full item of costs.

## CONCLUSION

For the foregoing reason, we grant TBMK's motion for an award of costs (doc. # 167), and award costs in the amount of $7,264.22, consisting of: (1) $5,690.70 for court reporter fees (reduced from the $5,987.10 originally sought by TBMK); (2) $483.52 (rather than the $4,298.03 originally sought) for witness fees and mileage; (3) $570.00 for interpreters costs; and (4) $520.00 for fees of the Clerk of the Court.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: October 27, 2008

7